UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

_____

| | |
|---|---|
| DONNELL COLE, # 274444, ) | |
| ) | |
| Petitioner, ) | Case No. 1:04-cv-798 |
| ) | |
| v. ) | Honorable Robert Holmes Bell |
| ) | |
| KENNETH McKEE, ) | |
| ) | **REPORT AND RECOMMENDATION** |
| Respondent. ) | |
| _____) | |

This is a habeas corpus action brought by a state prisoner pursuant to 28 U.S.C. § 2254. Petitioner is serving a term of 25-to-50 years' imprisonment, imposed by the Wayne County Circuit Court on November 12, 1998, after a jury found petitioner guilty of second-degree murder. MICH. COMP. LAWS § 750.317. Petitioner appealed his conviction to the Michigan Court of Appeals and sought a remand to raise a claim of ineffective assistance of counsel. On remand, the trial court conducted an evidentiary hearing and rejected the Sixth Amendment claim. The Michigan Court of Appeals thereafter affirmed the conviction on all grounds, and the Michigan Supreme Court denied leave to appeal. Petitioner thereafter filed a motion for post-conviction relief under Mich. Ct. R. 6.500, which was unsuccessful in the state trial and appellate courts.

Petitioner filed the present action on November 30, 2004. The motion for leave to proceed *in forma pauperis*, which accompanied the petition, listed nine grounds for habeas corpus relief. The petition, however, contains only four claims, summarized as follows: (1) ineffective assistance of counsel; (2) denial of due process by the prosecution's failure to produce a *res gestae*

witness; (3) denial of due process by the trial court's failure to instruct on all elements of the lesser offense of manslaughter; and (4) prosecutorial misconduct. In response to the petition, the Attorney General has filed a motion to dismiss the petition on the ground that it was filed after the expiration of the one-year statute of limitations established by 28 U.S.C. § 2244. (docket # 11). In answer to respondent's motion, petitioner has filed a motion to amend his petition. (docket # 31). In his motion, petitioner does not dispute that the claims in the petition are time-barred. Rather, he seeks leave to amend his petition to formally assert the remaining five issues identified in his pauper's motion but not alleged in the habeas petition, on the assumption that they are not time-barred.

Chief Judge Robert Holmes Bell has referred this matter to me pursuant to 28 U.S.C. § 636(b)(1)(B) for issuance of a report and recommendation. Upon review of the state-court record, I conclude that the petition was filed after the expiration of the one-year statute of limitations and recommend that respondent's motion to dismiss be granted. I further recommend that the motion to amend be denied as futile, as all nine grounds are untimely.

### **Proposed Findings of Fact**

The only facts relevant to disposition of respondent's motion involve the sequence of events in the state courts. After a jury trial, petitioner was convicted on October 15, 1998, of second-degree murder in the Wayne County Circuit Court. The court sentenced him on November 12, 1998, to a term of imprisonment of 25-to-50 years. On April 15, 1999, petitioner filed a motion for new trial or for an evidentiary hearing on the ground of ineffective assistance of counsel. After an evidentiary hearing, the trial court denied relief on October 8, 1999.

Petitioner, through counsel, appealed as of right to the Michigan Court of Appeals. The record of that appeal (docket # 26) indicates that appellate counsel raised four claims for relief, including ineffective assistance of trial counsel, the prosecutor's failure to exercise due diligence in producing a witness at trial, prosecutorial misconduct and instructional error. Petitioner filed a supplemental *pro se* brief raising further claims of ineffective assistance of counsel, evidentiary error, and cumulative error. By opinion entered February 9, 2001, the Michigan Court of Appeals affirmed petitioner's conviction. On March 28, 2001, petitioner filed a delayed *pro per* application for leave to appeal to the Michigan Supreme Court. (*See* Supreme Court record, docket # 29). By standard order entered August 28, 2001, the Supreme Court denied leave to appeal.

Petitioner subsequently sought post-conviction relief under Mich. Ct. R. 6.500 in the Wayne County Circuit Court. According to the certified circuit court docket sheet (docket # 16), the motion for relief from judgment was filed on January 6, 2003. On March 6, 2003, Judge Paul S. Teranes issued an opinion denying petitioner's motion. In his opinion, Judge Teranes found that some of the issues raised by petitioner had been resolved against him in his appeal of right and therefore could not be reviewed in a post-judgment motion, by virtue of Mich. Ct. R. 6.508(D)(2). With regard to those issues that had not been raised on direct appeal, the trial court found that petitioner failed to satisfy the cause and prejudice requirement of Mich. Ct. R. 6.508(D)(3)(a) and (b). On July 3, 2003, petitioner filed a delayed application for leave to appeal to the Michigan Court of Appeals. (*See* Appellate Docket, docket # 26). The application was accompanied by a motion to remand the case for an evidentiary hearing. By order entered December 4, 2003, the state Court of Appeals denied the application for leave to appeal "for failure to establish entitlement to relief pursuant to MCR 6.508." The court denied the motion to remand. Petitioner filed a *pro*

*se* application for leave to appeal to the Michigan Supreme Court on January 27, 2004. (*See* Supreme Court record, docket # 27). By order entered October 25, 2004, the Supreme Court denied the application "because the defendant has failed to meet the burden of establishing entitlement to relief under MCR 6.508(D)." Petitioner did not seek *certiorari*.

Petitioner initiated the present habeas corpus action by petition dated and signed November 24, 2004. On July 11, 2005, the Attorney General filed a motion to dismiss the petition on the ground of the statute of limitations. Petitioner did not respond directly to the motion, but filed his own motion for leave to amend the habeas corpus petition on August 11, 2005. In his motion to amend, petitioner points out that his motion for leave to proceed *in forma pauperis* listed nine grounds for relief, but that the petition itself listed only four claims. The motion to amend seeks leave of court to present "facts and arguments relevant to the remaining five habeas corpus claims." (Motion, docket # 31, ¶ 4). While conceding that the four claims set forth in the original habeas petition are time-barred, petitioner asserts that the five claims that he proposes to raise in an amended petition are not barred, because they were raised for the first time in a post-trial motion. These additional claims are: (1) ineffective assistance of counsel for failure to diligently pursue and secure discovery materials; (2) prosecutorial misconduct arising from failure to comply with disclosure requirements; (3) trial court error for failure to grant a motion for discovery; (4) "failure to control the proceedings," and failure to order the prosecutor to provide discovery materials; (5) cumulative error.

**Discussion**

A.     **Motion to Dismiss Original Petition**

Respondent has moved to dismiss the original petition under the one-year statute of limitations provided in 28 U.S.C. § 2244(d)(1). This period of limitations became effective on April 24, 1996, as part of the Antiterrorism and Effective Death Penalty Act, PUB. L. NO. 104-132, 110 STAT. 1214 ("AEDPA"). Prior to enactment of the AEDPA, there was no defined period of limitation for habeas actions.[1] Section 2244(d)(1) provides:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of --
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1). The running of the statute of limitations is tolled when "a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." 28 U.S.C. § 2244(d)(2); *see also Duncan v. Walker*, 533 U.S. 167 (2001)

---

[1] Previously, the only time limit was provided in Rule 9 of the Rules Governing § 2254 Cases, which allows dismissal of a petition only under circumstances where the state has been prejudiced by the delay in filing.

(limiting the tolling provision to only State, and not Federal, processes); *Artuz v. Bennett*, 531 U.S. 4, 8 (2000) (defining "properly filed").

In this case, section 2244(d)(1)(A) provides the period of limitation. The other subsections do not apply to the grounds that petitioner has raised in his original petition. Under section 2244(d)(1)(A), the one-year limitation period runs from "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." The Rule 5 materials show that petitioner appealed his conviction to the Michigan Court of Appeals and Michigan Supreme Court. The Michigan Supreme Court denied his application for leave to appeal on August 28, 2001. Petitioner did not petition for certiorari to the United States Supreme Court, though the ninety-day period in which he could have sought review in the United States Supreme Court is not counted under § 2244(d)(1)(A). *See Bronaugh v. Ohio*, 235 F.3d 280, 283 (6th Cir. 2000). The ninety-day period expired on November 26, 2001, and the statute of limitations began to run on that date.

The one-year period elapsed on November 26, 2002. The limitations period could have been tolled by the filing of a proper motion for state collateral review before November 26, 2002. *See* 28 U.S.C. § 2244(d)(2). This tolling provision, however, cannot "revive" the limitations period (*i.e.*, restart the clock); it can only serve to pause a clock that has not yet fully run. Once the limitations period is expired, collateral petitions can no longer serve to avoid a statute of limitations. Because petitioner's one-year period expired on November 26, 2002, his motion for relief from judgment filed in January of 2003 did not serve to revive the limitations period. *See Vroman v. Brigano*, 346 F.3d 598, 602 (6th Cir. 2003); *see also McMurray v. Scutt*, 136 F. App'x 815, 817 (6th Cir. 2005); *Fuller v. Thomas*, 110 F. App'x 496, 498 (6th Cir. 2004), *cert. denied*, 125 S. Ct. 1311

(2005). "'Once the limitations period is expired, collateral petitions can no longer serve to avoid a statute of limitations.'" *Vroman*, 346 F.3d at 602 (quoting *Rashid v. Khulmann*, 991 F. Supp. 254, 259 (S.D.N.Y. 1998).

Finally, the one-year limitation period applicable to section 2254 is a statute of limitations subject to equitable tolling. *See Keenan v. Bagley*, 400 F.3d 417, 420 (6th Cir. 2005). A petitioner bears the burden of showing that he is entitled to equitable tolling. *See Allen v. Yukins*, 366 F.3d 396, 401 (6th Cir.), *cert. denied*, 125 S. Ct. 200 (2004); *Jurado v. Burt,* 337 F.3d 638, 642 (6th Cir. 2003); *Griffin v. Rogers*, 308 F.3d 647, 653 (6th Cir. 2002). The Sixth Circuit has repeatedly cautioned that equitable tolling should be applied "sparingly" by this Court. *See Jurado*, 337 F.3d at 642; *Cook v. Stegall*, 295 F.3d 517, 521 (6th Cir. 2002); *Dunlap v. United States*, 250 F.3d 1001, 1008-1009 (6th Cir. 2001). In *Pace v. DiGuglielmo*, 125 S. Ct. 1807, 1814-15 (2005), the Supreme Court held that a petitioner seeking equitable tolling of the habeas statute of limitations has the burden of establishing two elements: "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." *Id.* at 1814 (applying standard set forth in *Irwin v. Dep't of Veterans Affairs*, 498 U.S. 89, 96 (1990)).

Petitioner has failed to raise equitable tolling or allege any facts or circumstances that would warrant its application in this case. The fact that Petitioner is untrained in the law, was proceeding without a lawyer, or may have been unaware of the statute of limitations for a certain period does not warrant tolling. *See Allen*, 366 F.3d at 403; *see also McMurray v. Scutt*, 136 F. App'x at 817; *Harrison v. I.M.S.*, 56 F. App'x 682, 685 (6th Cir. 2003) (citing *United States v. Baker*, 197 F.3d 211, 218-19 (6th Cir. 1999)); *Delaney v. Matesanz*, 264 F.3d 7, 15 (1st Cir. 2001); *Fisher v. Johnson*, 174 F.3d 710, 714-15 (5th Cir. 1999) ("ignorance of the law, even for an

incarcerated pro se petitioner, generally does not excuse [late] filing."). There is no constitutional right to an attorney in post-conviction proceedings. *See Coleman v. Thompson*, 501 U.S. 722, 752 (1991). As a result, a petitioner's inability to retain counsel in a timely fashion to file a habeas petition does not warrant tolling. *See Holloway v. Jones*, 166 F. Supp. 2d 1185, 1189 (E.D. Mich. 2001); *accord Morales v. United States*, 373 F. Supp. 2d 367, 374 (S.D.N.Y. 2005). Accordingly, petitioner is not entitled to equitable tolling of the statute of limitations.

## **Motion to Amend**

Rather than arguing that the original petition was timely, petitioner seeks leave to amend in order to assert the five claims set forth in his motion for leave to proceed *in forma pauperis* but omitted from the original petition. Petitioner assumes that these claims are timely, because they were raised for the first time in a post-conviction motion, and petitioner brought this action within one year of the Michigan Supreme Court's denial of his appeal on post-judgment issues. Petitioner's assumption is incorrect.

The motion to amend a section 2254 petition is governed by Rule 15 of the Federal Rules of Civil Procedure. *See* 28 U.S.C. § 2242 (application for habeas corpus "may be amended or supplemented as provided in the Rules of Procedure applicable to civil actions."); *Coe v. Bell*, 161 F.3d 320, 341 (6th Cir.1998). In considering whether to grant leave to amend under Rule 15(a), the court should consider several factors, including undue delay, bad faith, repeated failure to cure deficiencies, or futility of amendment. *See Coe*, 161 F.3d at 341. Although petitioner cannot be accused of undue delay, leave to amend should nevertheless be denied, as his proposed amendment would be futile. *See, e.g., Oleson v. United States*, 27 F. App'x 566, 570-71 (6th Cir. 2001).

As noted above, the one-year statute of limitations begins to run on the date on which a criminal judgment becomes final by the conclusion of direct review or the expiration of time for seeking such review. 28 U.S.C. § 2244(d)(1)(A).[2] The running of the statute may be tolled by the filing of a proper post-judgment petition in the state courts, *see Artuz v. Bennett*, 531 U.S. at 8, but the post-judgment motion "does not reset the date from which the one-year statute of limitations begins to run." *Smith v. McGinnis*, 208 F.2d 13, 17 (2d Cir. 2000); *accord Vroman*, 346 F.2d at 602. Petitioner mistakenly assumes that he had one year after the conclusion of post-judgment proceedings in the state courts in which to raise the five claims in his proposed amended petition. The statute of limitations, however, did not begin to run at the end of *collateral* proceedings. Rather, it began to run at the conclusion of *direct* review. *See DeCenzi v. Rose*, No. 04-3571, ___ F.3d ___, 2005 WL 1971112, at * 3 (6th Cir. Aug. 17, 2005) (A post-judgment motion, "even if granted, does not restart the statute of limitations, but if properly filed, it does toll the statute during the time the motion was pending."). By the time that petitioner filed his motion for relief from judgment in the state court, the statute of limitations had already expired. Consequently, the five claims in the proposed amended petition, all of which assert error in the trial proceedings, are barred by the statute of limitations, and amendment of the petition to assert these claims would therefore be futile.

---

[2] Section 2244(d) contains three alternative accrual dates, none of which could possibly apply on the facts of the present case.

**Recommended Disposition**

For the foregoing reasons, I recommend that respondent's motion to dismiss (docket # 11) be granted, that petitioner's motion to amend (docket # 31) be denied, and that the petition be dismissed as untimely.


Dated:   September 8, 2005              /s/  Joseph G. Scoville
                                        United States Magistrate Judge

**NOTICE TO PARTIES**

Any objections to this Report and Recommendation must be filed and served within ten days of service of this notice on you.  28 U.S.C. § 636(b)(1)(C); FED. R. CIV. P. 72(b).  All objections and responses to objections are governed by W.D. MICH. LCIVR 72.3(b).  Failure to file timely objections may constitute a waiver of any further right of appeal.  *See Thomas v. Arn*, 474 U.S. 140 (1985); *Neuman v. Rivers*, 125 F.3d 315, 322-23 (6th Cir.), *cert. denied*, 522 U.S. 1030 (1997); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).