UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DONNELL COLE, # 274444,         )
                                )
            Petitioner,         )    Case No. 1:04-cv-798
                                )
v.                              )    Honorable Robert Holmes Bell
                                )
KENNETH McKEE,                  )
                                )    **MEMORANDUM OPINION**
            Respondent.         )
_____)

      This matter is before the court on petitioner's objections to the report and recommendation of the magistrate judge, who concluded that the habeas corpus petition should be dismissed as untimely under the one-year statute of limitations established by 28 U.S.C. § 2244. This court accords *de novo* review to determinations of a magistrate judge on dispositive issues. *See* 28 U.S.C. § 636(b)(1)(C). After reviewing the record *de novo*, the court concludes that the proposed findings of the magistrate judge are correct and should be adopted.

**Procedural History**

      Petitioner initiated this habeas corpus proceeding by filing a *pro se* petition on November 30, 2004. The petition contained four grounds for relief. The Attorney General of the State of Michigan filed a motion to dismiss the petition on the ground that it was filed after the expiration of the one-year period of limitations established by the Antiterrorism and Effective Death Penalty Act (AEDPA), codified at 28 U.S.C. § 2244. The motion was supported by citations to the

state-court record. Petitioner did not file a response to the motion to dismiss. Rather, he filed a motion to amend the petition, seeking leave to add five further grounds for relief.

On September 8, 2005, Magistrate Judge Joseph G. Scoville filed a report and recommendation, recommending that the motion to dismiss be granted. The report and recommendation further concluded that the motion to amend the petition should be denied, because the five additional grounds were also barred by the one-year statute of limitations. In concluding that all of petitioner's grounds for relief were barred by the statute of limitations, the magistrate judge determined that petitioner's judgment became final by the conclusion of direct review, within the meaning of 28 U.S.C. § 2244(d)(1)(A), on November 26, 2001, with the expiration of the ninety-day period in which petitioner could have sought Supreme Court review of his direct appeal. The one-year AEDPA limitations period therefore expired on November 26, 2002. The magistrate judge further concluded that petitioner had not successfully tolled the running of the statute at any time during that one-year period. The state-court record disclosed that petitioner did file a post-conviction motion in the state circuit court on January 6, 2003. Because that motion was not filed before the expiration of the one-year limitations period, it did not serve to toll the running of the statute. (*See* Report and Recommendation at 6, and cases cited therein).

On October 24, 2005, petitioner filed objections to the report and recommendation. In his objections, petitioner challenges for the first time the computations contained in respondent's motion to dismiss concerning the running of the statute of limitations. Petitioner asserts that he attempted to file his post-conviction motion in the state circuit court in early November of 2002, before the expiration of the limitations period on November 26, 2002. In support of this contention, petitioner presents the court with copies of disbursement authorizations from the state prison system

showing charges to his prison account for postage on November 7, 2002. Petitioner asserts that his state-court motion should be deemed timely filed as of a date in mid-November, 2002, based on the date that his account was charged for postage.

## Discussion

The only colorable issue raised by petitioner's objections is whether the running of the statute of limitations was tolled at any time before its expiration on November 26, 2002. This issue is governed by 28 U.S.C. § 2244(d)(2) which provides as follows:

> The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

A motion filed pursuant to subsection 6.500 of the Michigan Court Rules clearly qualifies as an application for state post-conviction review within the meaning of this statute. The statute requires, however, that the application be "properly filed." The Supreme Court has held that an application is properly filed "when its delivery and acceptance are in compliance with the applicable laws and rules governing filings." *Artuz v. Bennett*, 531 U.S. 4, 8 (2000). *Artuz* therefore requires this court to refer to the law of the State of Michigan in determining the filing date of petitioner's motion for post-conviction relief in the state circuit court.

In determining that petitioner's post-conviction motion was filed in the state circuit court on January 6, 2003, the magistrate judge relied on the certified docket sheet of the Wayne County Circuit Court. (docket # 16). The state-court docket sheet shows that the motion for relief from judgment was filed on January 6, 2003. The general Michigan Court Rule governing "filing with the court" requires that pleadings and other papers be filed with the Clerk. MICH. CT. R.

2.107(G). Likewise, the specific rule governing post-conviction motions requires a defendant to file a motion "with the Clerk of the Court in which the defendant was convicted and sentenced." The only record evidence before this court indicates that petitioner's motion was filed with the Clerk of the circuit court on January 6, 2003, after the expiration of the statute of limitations.

Petitioner nevertheless argues that his motion should be deemed filed as of the time his prison account was charged for postage. As an initial matter, it is not clear to this court that a postage charge to a prison account bears any necessary relationship to the date upon which an item is placed in the prison mail system for delivery to the post office. Even assuming, however, that November 7, 2002, was the date upon which petitioner surrendered his motion to prison authorities for posting, this court is unable to conclude that the motion was "filed" on that date. Petitioner seeks to take advantage of the so-called "mailbox rule," which the United States Supreme Court applies to determine the date of filing of prisoner appeals in the federal courts. *See Houston v. Lack*, 487 U.S. 266 (1988). *Houston* did not enunciate a rule of constitutional law, but was based on an interpretation of the Federal Rules of Appellate Procedure. As noted above, however, state rules of procedure must be applied in determining whether an application for post-conviction relief has been properly filed. *Artuz*, 531 U.S. at 8 (an application is "filed, as that term is commonly understood, when it is delivered to, and accepted by, the appropriate court officer for placement into the official record."). The courts of the State of Michigan have refused to adopt the "prison mailbox rule" of *Houston v. Lack. See Walker-Bey v. Dep't of Corr.*, 564 N.W.2d 171 (Mich. Ct. App. 1997). Rather, relying on Mich. Ct. R. 2.107(G), the state courts determine that a pleading or other paper is filed only when received by the court clerk. 564 N.W.2d at 173. The Sixth Circuit Court of Appeals has squarely held that the federal mailbox rule does not apply to the determination of filing

dates for state post-conviction applications. *See Vroman v. Brigano*, 346 F.3d 598, 604 (6th Cir. 2003). Rather, this court is bound by state law, which holds that a document is not filed until actually received by the court clerk.

As noted above, the official record of the Wayne County Circuit Court indicates that petitioner's application for post-judgment relief was not filed, that is, "delivered to and accepted by the appropriate court officer," until January 6, 2003. By that time, the one-year statute of limitations had already expired. Clearly, a motion for state post-conviction relief filed after the expiration of the one-year limitations period cannot serve to revive the limitations period. *Vroman*, 346 F.3d at 602. The magistrate judge was therefore correct in determining that the petition was untimely.

As the report and recommendation properly noted, the one-year limitation period applicable to section 2254 is subject to equitable tolling. The report and recommendation concluded that petitioner was not entitled to equitable tolling under the facts of the present case. Petitioner's objection does not address the issue of equitable tolling, and this court likewise concludes that equitable tolling is inapplicable to the present case. Finally, the court agrees that the motion to amend must be denied as futile, as all claims that petitioner seeks to raise in the motion are barred by the statute of limitations.

An order dismissing the petition will be entered forthwith.

Date:   October 28, 2005             /s/ Robert Holmes Bell
                                     ROBERT HOLMES BELL
                                     CHIEF UNITED STATES DISTRICT JUDGE