UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| DONNELL COLE, # 274444, | ) |
| Petitioner, | ) Case No. 1:04-cv-798 |
| v. | ) Honorable Robert Holmes Bell |
| KENNETH McKEE, | ) |
| | ) **MEMORANDUM OPINION** |
| Respondent. | ) |

This matter is before the court on petitioner's motion for relief from judgment (docket # 58), filed under Fed. R. Civ. P. 60(b), seeking reinstatement of his habeas corpus petition, which the court previously dismissed as time-barred. The court has carefully considered the alleged new evidence attached to petitioner's motion, as well as the law governing computation of the statute of limitations in habeas corpus cases. For the reasons set forth below, the court denies petitioner's motion for relief from judgment.

**Procedural History**

Petitioner initiated this habeas corpus proceeding by filing a petition dated November 24, 2004, challenging his second-degree murder conviction. The state Attorney General filed an answer to the petition, raising the one-year statute of limitations applicable to habeas corpus proceedings. 28 U.S.C. § 2244(d)(1). By report and recommendation entered September 8, 2005, Magistrate Judge Joseph G. Scoville determined that the habeas corpus petition was untimely, and

recommended dismissal on this ground. Briefly summarized, the report and recommendation set forth the following relevant dates, gleaned from the state-court record:

| Event | Date |
| --- | --- |
| Petitioner convicted | October 15, 1998 |
| Sentence imposed | November 12, 1998 |
| Court of Appeals affirmance of conviction | February 9, 2001 |
| State Supreme Court denial of leave to appeal | August 28, 2001 |
| Expiration of one-year limitation period under section 2244(d)(1)(A) | November 26, 2002 |
| Filing of post-conviction motion in circuit court | January 6, 2003 |

The report and recommendation concluded that the statute of limitations expired on November 26, 2002, and that petitioner's filing of a state post-conviction motion over one month later on January 6, 2003, did not toll the running of the statute:

> The limitations period could have been tolled by the filing of a proper motion for state collateral review before November 26, 2002. *See* 28 U.S.C. § 2244(d)(2). This tolling provision, however, cannot "revive" the limitations period (*i.e.*, restart the clock); it can only serve to pause a clock that has not yet fully run. Once the limitations period is expired, collateral petitions can no longer serve to avoid a statute of limitations. Because petitioner's one-year period expired on November 26, 2002, his motion for relief from judgment filed in January of 2003 did not serve to revive the limitations period. *See Vroman v. Brigano*, 346 F.3d 598, 602 (6th Cir. 2003); *see also McMurray v. Scutt*, 136 F. App'x 815, 817 (6th Cir. 2005); *Fuller v. Thomas*, 110 F. App'x 496, 498 (6th Cir. 2004), *cert. denied*, 125 S. Ct. 1311 (2005). "'Once the limitations period is expired, collateral petitions can no longer serve to avoid a statute of limitations.'" *Vroman*, 346 F.3d at 602 (quoting *Rashid v. Khulmann*, 991 F. Supp. 254, 259 (S.D.N.Y. 1998)).

(R&R at 6-7, docket # 34).

Petitioner objected to the report and recommendation. In his objections, petitioner asserted for the first time that the date reflected on the certified docket sheet of the Wayne County Circuit Court for the receipt of his post-conviction motion was incorrect. Petitioner asserted, without any proof, that his post-conviction motion was filed in the state circuit court in November 2002,

before the expiration of the one-year limitations period. On this basis, petitioner argued that the running of the statute of limitations was tolled before its expiration on November 26, 2002. Upon *de novo* review, the court rejected petitioner's objections, finding that he had not presented any evidence to undermine the accuracy of the state-court record. The court therefore adopted the report and recommendation of the magistrate judge and entered a judgment of dismissal on October 28, 2005.

Petitioner appealed to the Sixth Circuit Court of Appeals. By order entered August 4, 2006, that court denied a certificate of appealability. By order entered January 16, 2007, the United States Supreme Court denied *certiorari* review, and on March 26, 2007, the Court denied petitioner's motion for rehearing.

On May 2, 2007, petitioner filed a motion for relief from judgment pursuant to Fed. R. Civ. P. 60(b). In support of his motion, petitioner attached a letter dated December 21, 2006, from the clerk of the state circuit court indicating that the clerk's office had "updated the court system to reflect the motion for relief from judgment filing and ruling dates." Attached to the letter is a revised circuit court docket sheet reflecting that petitioner's motion for relief from judgment in the state court was filed on November 10, 2002, sixteen days before the statute of limitations elapsed. On this basis, petitioner asked the court to vacate its previous judgment and reinstate his habeas corpus petition in light of "the new evidence of a clerical docketing error." (Motion at 3, docket # 58).

## **Discussion**

Because this court's judgment is now final and has been affirmed on appeal, the only avenue for relief available to petitioner is by motion under Rule 60(b) of the Federal Rules of Civil Procedure. That rule allows the court to relieve a party from a final judgment on a number of grounds, including:

> (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b).

FED. R. CIV. P. 60(b)(2). Although petitioner does not invoke any particular subsection of Rule 60(b), the court assumes that petitioner is proceeding under subsection (2), on the basis of newly discovered evidence concerning the true date of the filing of his post-conviction motion in the state circuit court. Because petitioner's Rule 60(b) motion challenges only this court's previous ruling on the AEDPA statute of limitations, it is not the equivalent of a successive habeas corpus petition, and no certification from the circuit court of appeals under 28 U.S.C. § 2244(b) is necessary. *See Gonzalez v. Crosby*, 545 U.S. 524 (2005).

For present purposes, the court will assume that the clerk of the state circuit court revised its docket sheet on the basis of evidence supporting petitioner's claimed filing date, and not merely because petitioner requested a change. Just as the court had previously relied on the state circuit court docket sheet to establish relevant dates, the court will likewise accept the revised docket sheet and will proceed for present purposes on the assumption that petitioner's post-conviction motion was indeed filed on November 10, 2002, as reflected therein. The court will also assume without deciding that petitioner could not have procured a corrected docket sheet in the exercise of diligence at any time before the entry of judgment.

Acceptance of this revised filing date, however, does not automatically establish that the habeas corpus petition was timely. Rather, the revised filing date establishes that the running of the statute of limitations was tolled on November 10, 2002. At that point, sixteen days remained in the one-year limitations period. A motion for post-conviction relief is considered "pending" from the time of filing in the state trial court "until the application has achieved final resolution through the state's post-conviction procedures." *Carrie v. Saffold*, 536 U.S. 214, 220 (2002). State post-conviction review ended when the state supreme court denied petitioner's application for leave to appeal by order entered October 25, 2004. The Supreme Court has recently held that the period of tolling ends on the day that the state supreme court denies review and that tolling does not continue during the time in which the petitioner can seek *certiorari* review in the United States Supreme Court. *Lawrence v. Florida*, 127 S. Ct. 1079 (2007).

Consequently, the AEDPA statute of limitations began to run again on October 25, 2004, when the state supreme court denied leave to appeal. At that point, sixteen days remained in the limitations period, which expired on November 10, 2004. Petitioner's habeas corpus petition was dated and signed November 24, 2004, fourteen days after the statute expired. The petition was not received by the Clerk's Office until November 30, 2004. Even giving petitioner the benefit of the "mailbox rule," as the court is required to do, the earliest conceivable filing date is November 24, 2004, two weeks after the expiration of the statute of limitations. Therefore, the revised filing date of petitioner's state post-conviction motion does not change the outcome of this case. The petition remains barred by the statute of limitations.

For the foregoing reasons, the court will enter an order denying petitioner's motion for relief from judgment under Rule 60(b).


Dated:   May 14, 2007             /s/ Robert Holmes Bell
                                  ROBERT HOLMES BELL
                                  CHIEF UNITED STATES DISTRICT JUDGE